STATE OF MINNESOTA
IN SUPREME COURT
ADM 10-8050



**ORDER PROMULGATING AMENDMENTS TO THE
RULES OF PUBLIC ACCESS TO RECORDS OF THE JUDICIAL BRANCH**

Following amendments promulgated in 2015 to the Rules of Public Access to Records of the Judicial Branch, we directed the Supreme Court Advisory Committee on the Rules of Public Access to Records of the Judicial Branch to monitor the rules and report by April 1, 2016, whether any additional amendments were recommended to facilitate the continued transition by the judicial branch to a more universal electronic court environment. In addition, we referred the request of the Judicial Council for a review of the rules that govern the bulk distribution of public data from judicial branch records to the committee, directing the committee to consider whether any amendments to those rules were advisable.

The advisory committee filed its report and recommendations on April 4, 2016, which recommended amendments to the rules to clarify the access to public records, including amendments that would clarify the access to bulk data by commercial subscribers. By order filed April 22, 2016, we opened a public comment period and scheduled a public hearing for July 19, 2016, at 11:00 a.m. on the committee's proposed amendments Written comments were filed by Mid-Minnesota Legal Aid and Lawrence R. McDonough. Committee member Eric Linsk and Lawrence McDonough spoke at the July 19 hearing.

1

The court has carefully considered the committee's recommendations and the written and oral comments.

Based on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    The attached amendments to the Rules of Public Access to Records of the Judicial Branch be, and the same are, prescribed and promulgated to be effective as of October 1, 2016. The rules as amended shall apply to all cases pending on, or filed on or after, the effective date.

2.    The inclusion of committee comments is for convenience and does not reflect court approval of those comments.

3.    The Advisory Committee for the Rules of Public Access to Records of the Judicial Branch shall continue to serve and monitor the rules and these amendments as further directed by this Court.

Dated: August 1, 2016                    BY THE COURT:

Lorie S. Gildea
Chief Justice

# AMENDMENTS TO THE RULES OF PUBLIC ACCESS TO RECORDS OF THE JUDICIAL BRANCH

*[Note: In the following amendments, deletions are indicated by a line drawn through the words and additions are indicated by a line drawn under the words.]*

## RULE 4. ACCESSIBILITY TO CASE RECORDS.

**Subd. 1. Accessibility.** Subject to subdivision 4 of this rule (Records Referring to Information in Non-Public Documents) and Rule 8, subd. 5 (Access to Certain Evidence), the following case records are not accessible to the public:

\*\*\*

(k) *Motion to Enforce or Quash Attorney General or County Attorney Subpoena.* A request for an order enforcing or quashing an administrative subpoena issued pursuant to MINN. STAT. §§ 8.16 or 388.23 unless and until authorized by order of the court. The person seeking to file the request shall contact the court administrator, who will establish a confidential file in the court's case records management system and provide the file number to the person seeking to file, who may then submit the request for filing into that court case file.

\*\*\*

(m) *Minor Victim Identifying Information.*

    (1) *Where Applicable.* Except as otherwise provided by order of the court, information that specifically identifies a victim who is a minor at the time of the alleged offense or incident in the following cases:

        (A) criminal or juvenile delinquency or extended jurisdiction juvenile cases involving a petition, complaint, or indictment issued pursuant to MINN. STAT. §§ 609.322, 609.342, 609.343, 609.344, 609.345, 609.3451 or 609.3453;

        (B) commitment proceedings related to a case in (A) above, in which supervisory responsibility is assigned to the presiding judge under MINN. R. CRIM. P. 20.01, subd. 7, or 20.02, subd. 8(4);

        (C) judicial review pursuant to MINN. STAT. § 256.045, subd. 7, of maltreatment determinations made under MINN. STAT. § 626.556, that involve allegations of sexual abuse as defined by MINN. STAT. § 626.556, subd. 2(d).

\*\*\*

(n) *Pre-Adjudication Paternity Proceedings.* Records of proceedings to determine the existence of parent-child relationship under MINN. STAT. §§ 257.51 to 257.74, provided that the following are public: the final judgment under section 257.70(a)

(minus findings of fact and restricted identifiers under MINN. GEN. R. PRAC. 11), affidavits filed pursuant to MINN. STAT. §§ 548.09-.091 to enforce the judgment, and all subsequent proceedings seeking to modify or enforce the judgment except an appeal of the initial, final judgment. The subsequent proceedings shall be brought in the same case file provided that the register of actions in the case shall then be made public but identifying information on persons who were alleged to be the parent of the child but were not adjudicated as such parent will remain nonpublic, and documents that were not previously public will also remain nonpublic except that the register of actions may publicly reflect the existence of the document and its title.

(o)     *Death Certificates.* A certificate of death issued by the proper governmental authority except to the extent that the certificate, or a redacted version of the certificate, has been formally admitted into evidence in a testimonial hearing or trial. The burden shall be on any filer e-filing a death certificate to classify the certificate as confidential. If it comes to the attention of the court administrator that a death certificate has not been appropriately classified as required under this rule the court administrator shall classify the document as confidential and notify the parties and the presiding judge of the classification change.

(p)     *Information Obtained From DPS for Collection of Court Debt.* Social Security numbers obtained by the judicial branch from the Department of Public Safety for the purposes of collection of court debts.

(q)     *Voluntary Foster Care for Treatment.* Records of judicial reviews of voluntary foster care for treatment under MINN. STAT. § 260D.06 (Records of voluntary foster care proceedings under MINN. STAT. § 260D.07 are accessible to the public as authorized by these rules and by MINN. R. JUV. PROT. P., see clause (s)(2)(D), below.).

(r)     *Juvenile Protection Case Records Child Name Search Results.* In juvenile protection case records, searching by a child's name shall not provide results through any public name search functionality provided by the court. For purposes of this rule "child" is defined as set forth in MINN. R. JUV. PROT. P. 2.01(4).

(s)     Other. Case records that are made inaccessible to the public under:

\*\*\*

Advisory Committee Comment - 2016
Rule 4, subd. 1(k), is amended in 2016 to provide a consistent level of privacy to proceedings to enforce or quash Attorney General or County Attorney subpoenas issued pursuant to MINN. STAT. §§ 8.16 or 388.23. The underlying statutes are nearly identical.

Rule 4, subd. 1(m), is amended in 2016 to add human trafficking under MINN. STAT. § 609.322 to the list of offenses for which minor victim identifiers are not publicly accessible. The legislature has already added section 609.322 in its corollary list of

offenses in MINN. STAT. § 609.3471 for which such confidentiality is required.

Rule 4, subd. 1(n), is amended in 2016 to codify a more efficient means of making post-adjudication paternity proceedings accessible to the public. Rather than requiring court staff to open a new file, the amendment allows post-adjudication proceedings to be filed in the same paternity file and be publicly accessible to the same extent that a child support modification in a family law dissolution case is publicly accessible. The entire register of actions will be accessible to the public, but the identities of non-adjudicated putative parents will remain confidential. Documents that were not public before the post-adjudication proceedings commenced will remain nonpublic, but the now-public register of actions will reflect the existence of each such document, and will display the document's title but not its content. The purpose of the modification is to make case processing easier for court staff by keeping filings in the same case file.

Rule 4, subd. 1(o), is new in 2016 to make death certificates inaccessible to the public (except for death certificates admitted as exhibits in testimonial hearings or trials). Death certificates frequently contain Social Security Numbers, which under MINN. GEN. R. PRAC. 11 cannot be filed with the court on public documents. Death certificates are filed in several types of cases, including probate, custody, child protection, civil and conciliation court, and sometimes certified copies are required. Certified copies should not be altered in any way.

Rule 4, subd. 1(p) is new in 2016 and establishes confidentiality for Social Security Numbers obtained by the Judicial Branch from the Department of Public Safety for the purpose of collecting court debts. The Judicial Council intends to ask the legislature for permission to obtain Social Security Numbers from the Department of Public Safety to facilitate the effective collection of court debts. This will be more efficient and effective than the current skip trace means of obtaining such information and will enable the courts to utilize revenue recapture as a debt collection method.

Rule 4, subd. 1(q), is new in 2016 and creates confidentiality for records filed pursuant to MINN. STAT. § 260D.06. Unlike child protection proceedings that involve the government stepping in when children are not adequately cared for by their parents, section 260D.06 proceedings involve responsible parents seeking government assistance to secure necessary treatment for their children that they would otherwise not be able to afford. Parents with more financial resources are able to obtain similar care for their children while maintaining privacy. Providing confidentiality for records of section 260D.06 proceedings places all parents on equal footing. In contrast, making the records public may discourage parents from seeking treatment for their children.

Rule 4, subd. 1(r), is new in 2016 and is intended to increase public access to child protection case records. Previously, all child protection records in cases in which a child was formally a party (e.g., in truancy and runaway cases the child is always a party, but is generally only a "participant" in other child protection cases involving abuse and neglect) were not accessible to the public under MINN. R. JUV. PROT. P. 8.04, subd. 4(c). That approach reflected the limits of the technology in that there was no other means available to prevent name searches of children when they were formally a party. The technology has evolved, however, and the new approach is to open up these cases but prohibit name searches of children.

# RULE 5. ACCESSIBILITY TO ADMINISTRATIVE RECORDS.

All administrative records are accessible to the public except the following:

\*\*\*

**Subd. 5. Security Records.** Records in the possession or custody of the courts that may substantially jeopardize the security of information, possessions, individuals, or property if subject to theft, tampering, improper use, illegal disclosure, trespass, or physical injury, such as security plans or codes, checks and checking account numbers submitted as part of a transaction with the courts, and:

(a)   *Unofficial Fiscal Notes.* Unnofficial fiscal notes and related bill drafts thereof in the custody of the court provided that: (a1) the request for an unofficial fiscal note is accompanied by a directive from the requester that the data be classified as not accessible to the public; and (b2) the note and bill drafts have not become public through subsequent use in an introduced bill or any legislation, including amendments or a proposed bill offered by any legislator. As used in this rule, an "unofficial fiscal note" has the meaning set forth in MINN. STAT. § 13.64.

(b)   *Audit Trail Records.* Judicial branch audit trail records that link a user with any activity performed by the user on a Judicial Branch court technology system or application (including but not limited to Minnesota Government Access, Minnesota Public Access Courthouse, Electronic File and Serve, and the Electronic Medical Records System) are not accessible to the public, except to the extent that such records, when they indicate improper use of a court technology tool, are disclosed within a final audit report. Audit trail records may also be disclosed as provided in Rule 5, subdivision 13(e) or (f), of these Rules.

\*\*\*

Advisory Committee Comment – 2016

Rule 5, subd. 5, is amended in 2016 to carry out the directive of the Minnesota Supreme Court to add a clause precluding public access to the audit trail logs that record system use of judicial branch computers systems. *See Order Making Minnesota Judicial Branch Electronic Audit Trail Records Inaccessible to the Public*, ADM10-8050 (Minn. S. Ct. filed January 6, 2016). This is similar to the protection afforded to state law library patrons under Rule 5, subd. 10, of these rules. In particular, use of Minnesota Government Access by court business partners reduces significant burdens on court staff who may otherwise be required to provide paper copies of records and assist with searches at the courthouse. A few government business partners were reluctant to use MGA, however, if an audit trail record were publicly available that might tip off opposing sides as to the information and issues they have been examining as they prepare their cases. This new clause provides essentially the same reassurance that is provided to users of state law library materials.

\*\*\*

# RULE 8. INSPECTION, COPYING, BULK DISTRIBUTION AND REMOTE ACCESS.

\*\*\*

## Subd. 2. Remote Access to Electronic Records.

\*\*\*

*(h)* *Remote Access to Appellate Court Records.* The Clerk of the Appellate Courts will provide remote access to publicly accessible appellate court records filed on or after July 1, 2015, except:

(1) The record on appeal as defined in MINN. R. CIV. APP. P. 110.01;

(2) Data elements listed in clause (b)(1)–(5) of this rule contained in the appellate court records case management system (currently known as "PMACS");

(3) Appellate briefs, provided that the State Law Library may, to the extent that it has the resources and technical capacity to do so, provide remote access to appellate court briefs provided that the following are redacted: appendices or addenda to briefs, data listed in clause (b)(1)–(5) of this rule, and other records that are not accessible to the public.

To the extent that the Clerk of the Appellate Courts has the resources and technical capacity to do so, the Clerk of the Appellate Courts may provide remote access to appellate records filed between January 1, 2013 and June 30, 2015, and shall, along with the State Law Library, provide remote access to an archive of current and historical appellate opinions dating back as far as resources and technology permit. Public appellate records for which remote access is not available may be accessible at public terminals in the State Law Library or at any district courthouse.

\*\*\*

**Subd. 3. Bulk Distribution of Court Records.** A custodian shall, to the extent that the custodian has the resources and technical capacity to do so, provide bulk distribution of its publicly accessible electronic case records as follows:

(a) Records subject to remote access limitations in Rule 8, subd. 2, shall not be provided in bulk to any individual or entity except as authorized by order or directive of the Supreme Court or its designee.

(b) All other electronic case records that are remotely accessible to the public under Rule 8, subd. 2 shall be provided to any individual or entity that executes an access agreement in a form approved by the state court administrator that includes provisions that: (1) mandate periodic updating of the recipient's data no less often than the state court administrator's office updates its bulk records: (2) explain that

records are valid only as of a certain date; and (3) address compliance, verification of records, and indemnification of the court.

(c)    An individual or entity that does not execute the agreement required under clause (b) of this rule may receive electronic case records that include a case number as the only identifier.

(d)    The state court administrator may also permit the release of bulk records without periodic updating provided that the recipient: (1) is an educational or noncommercial scientific institution whose purpose is scholarly or scientific research, or a representative of the news media; and (2) executes an agreement in a form approved by the state court administrator including provisions that limit use of the data.

Advisory Committee Comment – 2016

Rule 8, subd. 2(h), is amended in 2016 to clarify that the appellate opinion archive currently maintained by the state law library must continue to be made remotely accessible to the public. In addition access to the appellate court case management system currently known as PMACS is now available at public access terminals in any courthouse in the state.

Rule 8, subd. 3, is amended in 2016 to establish a subscription approach for commercial recipients of bulk court records. The approach contemplates a subscriber agreement that would detail requirements for installing a completely refreshed database on no less than the same time frame (currently a weekly basis) that the state court administrator's office updates its bulk records, explain that the records are valid as of a certain date, and explain what compliance, verification and indemnification risks the recipient must bear. Underlying this approach is a menu of common bulk data extracts that would be made available on this subscription basis. Commercial users have requested a subscription approach, and many are already required to comply with various state and federal laws that address accuracy and verification of records, provide redress procedures, and permit enforcement from entities including the Federal Trade Commission, the Consumer Financial Protection Bureau, and state attorney generals. See, e.g., 15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act); MINN. STAT. § 332.70 (Business Screening services); MINN. STAT. § 13C.001 et seq. (Access to Consumer Reports Prepared by Consumer Reporting Agencies); 18 U.S. C. § 2721 (Drivers Privacy Protection Act); and MINN. STAT. §§ 504B.235-.245 (tenant screening agencies).

Alternatives for commercial entities that do not or cannot support a subscription approach include obtaining various records through common reports that are automatically emailed out from the trial court case management system. Examples include the Disposition Bulletin, which contains criminal dispositions, and the civil judgement abstract report, which includes judgment information. These reports have the added data element of party street addresses which would otherwise be a data element that is not remotely accessible and therefore not accessible in bulk format under Rule 8. Subd. 2(b)(2) unless the recipient enters into a user agreement approved by the state court administrator. The advisory committee intends that a subscription agreement permitted under new Rule 8, subd. 3(b) would meet this requirement and that street addresses could be included in the bulk data extracts available under a subscription approach. This may make the disposition bulletin and judgment abstract report less popular for commercial

entities who can afford to follow the subscription approach.

The option in rule 8, subd. 3(c), for bulk data without individual identifiers is most likely to be attractive to researchers who are just interested in aggregate data analysis. The exception in Rule 8, subd. 3(d) for academia and the media is based on the long standing practice of the judicial branch to waive commercial fees for researchers and the media who will limit their use to research or to preparing their news stories. This approach contemplates a fee waiver agreement that would explain that the records are valid as of a certain date, and explain what use and verification requirements and risks the recipient must bear.